IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCUS D. WINSTON,<br><br>                Petitioner,<br><br>        vs.<br><br>ROB JEFFREYS,<br><br>                Respondent. | 8:25CV103<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's Motion Requesting Leave to Amend and Extension of Time ("Motion to Amend"). Filing No. 6. In the Motion to Amend, Petitioner seeks leave to amend his petition, Filing No. 5, and an extension of time to do so until after all his state remedies are exhausted. Filing No. 6. Liberally construed, Petitioner appears to seek to stay this matter until his state court claims are exhausted.

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions in habeas proceedings. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11"). Amendments are allowed one time as a matter of course if the amendment is filed within 21 days of service of a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Moreover, an amended petition relates back to the date of the original petition when the claims in the original and amended petition arose out of the same "conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle*, 545 U.S. at 656, "such that they arise from the same core of operative facts," *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (citing *Mayle*, 545 U.S. at 650, 657).

> Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly [sic], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.

Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (footnote omitted) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)).

In support of his Motion to Amend, Petitioner explains that because he is unaware of how much time remains to file a timely petition under 28 U.S.C. § 2254, he rushed filing his Petition to be sure it was filed on time. Petitioner states he is in the process of filing a Writ of Certiorari to the United States Supreme Court, which may toll the one-year statute of limitations for filing a time § 2254 petition, and also has a pending motion to alter or amend judgment. Petitioner, thus, seeks leave to file an amended petition 210 days after all of his state remedies are exhausted. Filing No. 6.

Petitioner, however, does not state that he omitted any claims from his habeas petition in his haste to file the petition in a timely manner and does not identify what, if any, specific claims he seeks to add or amend by filing an amended petition. Rather, Petitioner appears to seek leave to amend, and an extension of time to do so, in order to fully exhaust all of his state remedies and include such information regarding his exhaustion efforts in an amended petition. Thus, it appears that Petitioner may be claiming his petition is a "mixed petition"—meaning that "some claims have been fully exhausted in state court and others have not," White v. Dingle, 616 F.3d 844, 846 (8th Cir. 2010)—and that he seeks to stay the case indefinitely so that he may fully exhaust his unexhausted state court claims.

Petitioner is correct that time limits apply to his filing of a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), a petitioner must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

And, pursuant to Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

When a mixed petition is filed, a petitioner may seek to stay federal review of their petition under *Rhines v. Weber*, 544 U.S. 269 (2005), which allows a federal habeas court to stay the petition to allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review. Under *Rhines*, a stay may only be granted if (1) the petitioner had good cause for failing to exhaust the previously unexhausted claims in state court, (2) the unexhausted claims are potentially meritorious, and (3) and the petitioner did not intentionally engage in dilatory tactics. 544 U.S. at 278. However, where a petition contains exhausted and unexhausted claims, courts do not have to stay the federal habeas proceedings if any attempt to exhaust the otherwise

3

unexhausted claims in the state courts is "futile." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

While Petitioner's Motion to Amend did not address the *Rhines* factors, even if it had, it does not appear Petitioner's petition is truly mixed based on his description of his pending Writ application to the United States Supreme Court.

As explained by the United States Supreme Court in *Lawrence v. Florida*:

> State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. *The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari*.

549 U.S. 327, 332 (2007) (emphasis added). Here, it appears that Petitioner seeks to stay this matter while he files a Writ of Certiorari with the United States Supreme Court, presumably to address his state postconviction motion. Filing No. 6. From the allegations in the Motion to Amend, it does not appear to this Court that a stay would be appropriate as seeking certiorari with a federal court is not part of the state court review process and therefore is neither necessary for claim exhaustion nor appropriate for a stay in this federal habeas proceeding.

Finally, even if a petition for certiorari did toll the one-year limitations period, it appears Petitioner's ability to obtain further review has passed. The Nebraska Court of Appeals issued its mandate on February 7, 2025.[1] If a criminal defendant intends to seek

---

[1] The Court takes judicial notice of the state court records in *State v. Marcus D. Winston*, No. CR20-523, District Court of Lancaster County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial

4

a writ of certiorari from the U.S. Supreme Court, he or she should request a stay of the Nebraska court's mandate within seven days from the date of the filing of the opinion or other dispositive entry.  *State v. Huggins*, 866 N.W.2d 80, 85 (Neb. 2015) (citing Neb. Ct. R. App. P. § 2-114(2)).  It does not appear from the state court records, available to this Court online, that Petitioner has requested a stay of the February 7, 2025, mandate, and his ability to do so may have passed.

Petitioner also alleges that he has a motion to alter or amend judgment pending in the District Court of Lancaster County, Nebraska, to address "if the notice of appeal was timely filed and/or the paying of filing fees."  Filing No. 5 at 12; *see also* Filing No. 6.  A review of Petitioner's state court records shows that Petitioner filed a "Motion to Vacate and Modify Judgment and Request for Hearing" in the Lancaster County District Court on November 18, 2024, while his postconviction appeal was pending.  However, the state district court has not ruled upon the motion, nor does it appear the state court will issue any ruling as Petitioner did not file a notice of hearing with his motion as required by the court's local rule.  *See* Rule 3-2 of the Rules of the District Court for the Third Judicial District of Nebraska ("Failure to file a notice of hearing and certificate of service within 10 days after filing a motion will be deemed an abandonment of the motion without further action by the court.").[2]

---

notice of adjudicative facts).  Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

[2] As more fully set forth therein, Rule 3-2 provides, in relevant part:

> A. When any motion requiring a hearing is filed, it shall be filed with a notice of hearing with a date, time, manner of hearing, and certificate of service with the Clerk of the District Court (Clerk) not less than 5 days prior to hearing, except by permission of the court.
>
> B. A time of hearing shall be secured by contacting the judge's bailiff.  If it is impossible to secure a time for hearing, the motion may be filed, but a notice of hearing must be filed with a certificate of

Accordingly, for the foregoing reasons, any motion to stay the matter shall be denied without prejudice to reassertion. However, out of an abundance of caution, the Court will grant Petitioner leave to amend his petition to the extent he seeks to add or amend any of the claims alleged in his petition, Filing No. 5.

IT IS THEREFORE ORDERED:

1. Petitioner's Motion to Amend, Filing No. 6, is granted to the extent Petitioner seeks leave to amend his petition. Petitioner has through and until **June 20, 2025**, to file an amended petition setting forth all his claims for habeas relief.

2. The remainder of Petitioner's Motion to Amend is denied without prejudice to reassertion. To the extent Petitioner believes his petition is mixed and seeks to file a new motion staying the case, he should address the factors under *Rhines* as set forth in this Memorandum and Order.

3. To the extent Petitioner requires additional time to file an amended petition, he must seek an extension by filing a written motion with this Court on or before the June 20, 2025, deadline for compliance.

4. If Petitioner fails to file an amended petition within the time allowed, the Court will conduct an initial review of the present petition, Filing No. 5, and progress this matter accordingly.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 20, 2025**: deadline for Petitioner's amended petition.

---

service promptly thereafter. Failure to file a notice of hearing and certificate of service within 10 days after filing a motion will be deemed an abandonment of the motion without further action by the court. Unless approved by the judge, a hearing date must be obtained for each motion, even if motions in the same case are already scheduled.

Dated this 21st day of May, 2025.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge